UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

IN RE:                                                                                                        CASE NO. 12-70395

RICHARDSON LAND CO., LLC

DEBTOR

## MEMORANDUM OPINION AND ORDER

Introduction

      This matter is before the Court on the motions of Powell Branch Energy, LLC ("Powell") and Virginia Drilling Company, LLC ("Virginia") to set aside an Agreed Order authorizing the chapter 7 trustee herein to assume and assign certain executory contracts and leases. For the reasons set forth below, the motions are DENIED.

Background

      The trustee herein filed a Motion for Authorization to Assume and Assign Certain Executory Contracts and Unexpired Leases (the "Assignment Motion") on August 23, 2012 [Doc. 22]. That Motion sought to assume and assign four agreements to which the Debtor, Richardson Land Co., LLC is a party, to-wit:

A. A Lease Agreement dated November 1, 2006 between Appalachian Land Company and the Debtor for a term of ten (10) years with an option to extend the term for additional one-year periods, covering approximately 406 acres located on Calf Creek in Floyd County, Kentucky (the "Calf Creek Lease");

B. A Lease Agreement dated November 1, 2009 between the Elkhorn Coal Company, LLC and the Debtor for a term of five (5) years covering certain property located on Cow Creek in Floyd County, Kentucky (the "Cow Creek Lease");

C. A Surface Lease Agreement dated October 25, 2006 between Yancey L. Clark, et al, LLC and the Debtor for a term expiring on March 29, 2015 with options to extend the term for five successive periods of two years each, covering property located on Daniels Creek in Floyd County, Kentucky (the "Daniels Creek Surface Lease"); and

D. A Second Amendment to Daniels Creek Coal Mining Agreement dated October

1

25, 2006 (but effective March 29, 2005) between Yancey L. Clark, et al, LLC and the Debtor for a term expiring on March 28, 2010 with automatic one-year extensions, covering property located on Daniels Creek in Floyd County, Kentucky (the "Daniels Creek Coal Lease").

Powell filed an objection to the Assignment Motion [Doc. 29] claiming that it was owed arrearages that were not provided for in the motion. At the hearing held on the Assignment Motion, Powell did not appear in support of its objection. On September 18, 2012, an Agreed Order granting the Assignment Motion was entered ("Agreed Order") [Doc. 33]. The Agreed Order did not contain the signatures of either Powell or Virginia.

Within ten (10) days of the entry of the Agreed Order, Powell and Virginia each filed a motion to set aside or vacate the Agreed Order [Doc. 36 (the "Powell Motion") and Doc. 38 (the "Virginia Motion")].

The Powell Motion argues, *inter alia*, that the Agreed Order failed to take into account its previously filed objection to the Assignment Motion. The trustee's response [Doc. 44] asserts that Powell is not affected by the Agreed Order because the Assignment Motion addressed leases and contracts to which Powell is not a party.

The Virginia Motion asserts that the Agreed Order should be set aside because: (i) it did not have notice of the hearing on the Assignment Motion; (ii) it holds a Materialman's Lien against the leasehold interests of Indeva Mining Company Inc. or Indeva-Corp Energy Inc. ("Indeva"), and its leasehold interest is implicated by the Agreed Order; and (iii) the subject leases/contracts have a value greater than the consideration set forth in the Assignment Motion.

The Browning Family Partnership, Harkins Mineral Associates and Sandy River Coal, Inc. object to the Virginia Motion [Doc. 43] arguing that there is no interest of the Debtor alleged in either the Virginia Motion or the Materialman's Lien. The Trustee also argues in response to the Virginia Motion [Doc. 45] that Virginia holds a claim against Indeva, but not the Debtor, and that Virginia was not entitled to notice of the Assignment Motion.

At the hearing held on October 10, 2012, Virginia argued that its Materialman's Lien

2

extended to the Debtor, its lien attaches to the proceeds of the leasehold interests, and it should be allowed to take discovery to see if the assignment price in the Agreed Order was the best available price. Powell also argued that the Agreed Order should be vacated to allow for additional disclosures because the Agreed Order was not for the best available price. Following the hearing, Virginia supplemented the record [Doc. 48 and 49] with: (i) evidence that it served the Materialman's Lien on various parties; (ii) a copy of its "Statement of Materialman's Lien" which names Indeva as lessee and other non-debtor entities as the property owner/lessor; and (iii) an "Offer" of Blackhawk Mining LLC relating to the leases/contracts.

This matter is now under submission and ripe for decision.

<u>Analysis</u>

This Court has jurisdiction over these matters pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (M) and (O). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

<u>The Powell Motion</u>.

Bankruptcy courts have often held that a party who wishes to prosecute an objection must appear at the hearing or the objection is deemed waived or abandoned. <u>See</u> <u>e.g.</u>, In <u>re Stevenson</u>, 399 B.R. 289, 293 (1st Cir. BAP 2009) *citing* <u>Advantage Healthplan, Inc. v. Potter</u>, 391 B.R. 521, 553 n.16 (D.D.C. 2008) (overruling objections based on an objector's failure to appear and prosecute the objection at the hearing); <u>In re Trans World Airlines, Inc.</u>, 185 B.R. 302, 311 n.7 (Bankr. E.D. Mo. 1995); <u>Lee Servicing Co. v. Wolf (In re Wolf)</u>, 162 B.R. 98, 104 (Bankr. D.N.J. 1993). Here, Powell did not appear at the hearing on the Assignment Motion, thus its objections are deemed waived.

<u>The Virginia Motion</u>.

Federal Rule of Bankruptcy Procedure 6006(c) requires notice of a motion to assume, reject or assign an executory contract or unexpired lease to be given to the other party to the contract or lease, to other parties in interest as the court may direct, and, except in a chapter 9

3

municipality case, to the United States trustee.

"Once the other party to the contract or lease and the United States trustee have been notified, a question remains as to whether any other party is entitled to notice. The rule leaves it to the discretion of the court to consider the individual circumstances of each case." 10 COLLIER ON BANKRUPTCY ¶ 6006.03[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012).

Here, Virginia has not filed a proof of claim, it is not listed on the Debtor's schedules, and the Materialman's Lien does not list the Debtor in any capacity. The Court finds that Virginia was not entitled to notice of the Assignment Motion. The Court expressly declines to determine whether Virginia holds a lien in the Debtor's interest in the assigned leases/contracts, which determination must be made in the context of an adversary proceeding. Fed. R. Bankr. P. 7001(2). Moreover, having determined that Virginia was not required to have notice of the Assignment Motion, the Court finds no basis upon which to vacate the trustee's business judgment regarding the terms of the subject assignment and Virginia has provided no legal authority to support its request to vacate the Agreed Order.

IT IS HEREBY ORDERED that both the Powell Motion [Doc. 36] and the Virginia Motion [Doc. 38] are DENIED.

COPIES TO:

Powell Branch Energy, LLC
Debtor
Charles K. Belhasen, Esq.
Dean A. Langdon, Esq.
Maxie Higgason, Esq.
Richard Boydston, Esq.
Daniel T. Yon, Esq.
John Hamilton, Esq.
Daniel P. Stratton, Esq.
David L. Baird, Esq.
James B. Ratliff, Esq.
Ryan R. Atkinson, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Monday, October 22, 2012**
(tnw)